**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMARI MITCHELL,**

        **Plaintiff,**

**v.**                              **Case No: 6:26-cv-617-PGB-RMN**

**ORANGE COUNTY, FLORIDA,**
**CLAUDY EDMOND, DAVID**
**GUZMAN, RICHARD SAMUELS**
**and JOHN DOES 1-15,**

        **Defendants.**

_____/

## <u>ORDER</u>

This cause comes before the Court on a *sua sponte* review of the file. For the reasons set forth below, Plaintiff Amari Mitchell's ("**Plaintiff**") Complaint (Doc. 1 (the "**Complaint**")) is dismissed without prejudice as a shotgun pleading.

## I.    BACKGROUND

On March 19, 2026, Plaintiff initiated this suit by filing the Complaint against Defendants Orange County, Florida (the "**County**"); Claudy Edmond ("**Edmond**"); David Guzman ("**Guzman**"); Richard Samuels ("**Samuels**"); and John Does 1-15 (the "**Unnamed Deputies**"). (*See id.*). Therein, Plaintiff alleges that, while he was incarcerated at the County's jail, and while he was handcuffed and defenseless, Plaintiff was assaulted by sheriff deputies Edmond, Guzman, and Samuels (collectively, the "**Named Deputies**"). (*Id.* ¶ 1). Plaintiff also avers that the fifteen Unnamed Deputies were involved in certain portions of the assault. (*Id.*

¶¶ 14, 21–23). Specifically, Plaintiff alleges that John Doe 1 accompanied Edmond and Guzman in taking Plaintiff to the medical floor of the jail to avoid the jail's cameras and, along with Edmond and Guzman, "violently punch[ed], kick[ed], and stomp[ed] on Plaintiff's face, head, and body." (*Id.* ¶¶ 21–22). Later, Plaintiff was taken to the sixth floor of the jail, where he "became surrounded by approximately 15 deputies," who watched Guzman and Edmond assault Plaintiff but failed to intervene. (*Id.* ¶ 23).

As a result of the foregoing, in the Complaint, Plaintiff brings two § 1983 claims against the Named Deputies and Unnamed Deputies, including for excessive force (Count I) and for failure to intervene in the assault (Count II). (*Id.* ¶¶ 26–43). Plaintiff also brings three § 1983 claims for municipal liability against the County, including for having an unconstitutional custom, policy, or practice (Count III); for failure to adequately train its sheriff deputies (Count IV); and for failure to supervise and/or discipline its sheriff deputies (Count V). (*Id.* ¶¶ 44–62). Finally, Plaintiff brings a state law claim for assault and battery against the Named Deputies (Count VI). (*Id.* ¶¶ 63–65).

## II.   STANDARD OF REVIEW

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent

2

power, must intervene *sua sponte* and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam)[1] (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

There are four general categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

## III.    DISCUSSION

Put simply, Plaintiff's Complaint falls within the first category of shotgun pleadings identified by *Weiland. See id.* at 1321–23. The first paragraphs of Counts II, III, IV, V, and VI each incorporate all preceding paragraphs. (Doc. 1, ¶¶ 26, 37, 44, 49, 60, 63). Plaintiff's successive adoption of all preceding paragraphs at the start of each count folds in each previous count's allegations, making the Complaint a textbook example of the first category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. Instead, Plaintiff must specifically identify only those paragraphs relevant to the claim at issue if Plaintiff chooses to restate and reallege such claims. Consequently, the Court *sua sponte* dismisses Plaintiff's Complaint as a shotgun pleading with repleader necessary to cure these defects.

Moreover, "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). The Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). This exception applies where a plaintiff has "provided a description of the fictitious defendant that '[is] sufficiently clear to allow service of process' on the correct individual." *Tanious v. Landstar Sys., Inc.*, No. 3:20-cv-611-J-34MCR, 2020 WL 13357794, at *2 (M.D. Fla. June 24, 2020) (quoting *Dean*, 951 F.2d at 1216). Because Plaintiff fails to describe the Unnamed Deputies with such clarity, upon

4

repleader, Plaintiff shall either omit his claims against the Unnamed Deputies or shall "provide additional allegations specifically describing who they are such that they may be identified for service of process." *Id.* (citing *Richardson*, 598 F.3d at 738).

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**; and

2.  On or before **June 5, 2026**, Plaintiff shall file an amended complaint consistent with the directives of this Order. Failure to timely file an amended complaint may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on May 22, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5